UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HILCO FORT WAYNE, LLC, )<br>as Successor Lessor to Scot Lad Foods, Inc., )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>RETURN FORT WAYNE, INC, )<br>as Successor Lessee to Return, Inc., )<br>)<br>**Defendant.** ) | CAUSE NO. 1:09-CV-128 |

## OPINION AND ORDER

Plaintiff Hilco Fort Wayne, LLC, filed its complaint in this Court on May 8, 2009, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) In its complaint, the Plaintiff alleges that it is "an Indiana limited liability company with its principal place of business in this district." (Compl. ¶ 2.) The Plaintiff further states that Defendant Return Fort Wayne, Inc., "is a Minnesota corporation that conducted business at all relevant times in this District." (Compl. ¶ 4.)

Plaintiff's complaint, however, is inadequate. When establishing jurisdiction in a diversity case, "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).
  Moreover, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.

proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

As to the Plaintiff, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of all the members of the Plaintiff LLC to ensure that none of its members share a common citizenship with the Defendant. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of Hilco Fort Wayne, LLC who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

As to Defendant Return Fort Wayne, Inc., corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). Thus, the Court must be apprised of both facts with respect to Defendant Return Fort Wayne, Inc. Although the Plaintiff alleges that the Defendant is a Minnesota corporation, it does not indicate where its principal place of business is, rendering the jurisdictional allegation insufficient.

Therefore, the Plaintiff is ORDERED to file an amended complaint forthwith, properly

2

alleging the citizenship of each party and tracing the citizenship of all unincorporated associations through all applicable layers of ownership.

SO ORDERED.

Enter for this 13th day of May, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge